Dear Mr. Upchurch:
This opinion letter is in response to your question concerning Conference Committee Substitute for House Committee Substitute for Senate Substitute for Senate Committee Substitute for Senate Bills Nos. 65, 133, 178, 216 231, 84th General Assembly, First Regular Session, which relates to the compensation of county officials. The question you posed is as follows:
 In regard to the meeting of a "Salary Commission" under Senate Bill 65, Section 7, Subsections 5, 6 7, if the "Salary Commission" does meet and adjourn after September 28, 1987 and before November 30, 1987 (which we did here in Franklin County), can a second meeting be called before October, 1989?
Subsection 2 of Section 7 of the bill provides:
 2. The clerk of the circuit court of the judicial circuit in which such county is located shall serve as temporary chairman of the salary commission until the members of the commission elect a chairman from their number. The circuit clerk shall give notice of the time and place of any meeting of the salary commission. Such notice shall be published in a newspaper of general circulation in such county at least ten days prior to such meeting. Such notice shall contain a general description of the business to be discussed at such meeting.
Subsection 5 of Section 7 of the bill provides:
 In every county the salary commission shall meet before November 30, 1987, and every second year thereafter. At any meeting of the salary commission, the members shall elect a chairman from their number. The county clerk shall present a report on the financial condition of the county to the commission once the chairman is so elected, and shall keep the minutes of the meeting.
Subsection 6 of Section 7 of the bill provides:
 At its meeting in 1987, the salary commission shall determine the compensation to be paid to every county officer holding office on January 1, 1988. At any meeting in following years, the salary commission shall determine the compensation to be paid to every county officer until the next meeting of the salary commission.
Subsection 8 of Section 7 of the bill provides:
 The salary commission shall issue not later than December fifteenth, a report of compensation to be paid to each officer.
In interpreting a statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v.Administration Hearing Commission, 649 S.W.2d 874, 881 (Mo. banc 1983). Subsection 5 of Section 7 of the bill specifically provides that the salary commission shall meet before November 30, 1987, and every second year thereafter. Subsection 8 provides the salary commission shall issue a report of the compensation to be paid each officer by December 15. The bill does not specifically provide whether a commission having met once after September 28, 1987 but before November 30, 1987 can meet a second time before November 30, 1987.
"Unless restrained by charter or statute applicable, the legislative body of a municipal corporation, like all deliberative bodies, possesses the undoubted right to vote and reconsider its vote upon measures before it, at its own pleasure, and to do and undo, consider and reconsider, as often as it may think proper, until by final vote or act, accepted as such by the body, a conclusion is reached. It is the result only which is important." McQuillin, Mun Corp § 13.48 (3rd Ed). "It is a general rule, subject to certain qualifications hereinafter noted, that a municipal council has the right to reconsider its actions and adopt an ordinance or measure that has previously been defeated, or rescind one that has previously been adopted, at any time before the rights of third parties have vested." 56 Am.Jur.2d, Municipal Corporations, Etc. § 167. It therefore appears that the salary commission can meet and consider and reconsider, as often as it chooses, up until November 30, 1987, the decision regarding the establishment of the compensation of county officers.
Further support for our conclusion is found in AuroraWater Co. v. City of Aurora, 31 S.W. 946 (Mo. 1895). In discussing the authority of a city of the fourth class to hold a special meeting, the Missouri Supreme Court stated:
 It is insisted that it is invalid because passed at an unauthorized meeting of the board, in that it was not a regular meeting, and that the statutes, while giving to cities of the first, second, and possibly the third, class, power to call special meetings, yet that no such power is conferred by statute on cities of the fourth class. It may be granted that no such power is expressly conferred, yet it does not thence follow that such power is nonexistent. Of necessity, cities possess many powers which are not enumerated in the grant of power, and yet pass as the mere incidents and auxiliaries of those expressly granted. Id. at 954.
Just as in the case cited, the fourth class city was deemed to have the power to hold a special meeting; likewise, the county salary commission has the power to hold a second meeting prior to November 30, 1987.
Having concluded that the salary commission can meet more than once prior to November 30, 1987, a related issue is the method of calling subsequent meetings of the salary commission. Under subsection 2 of Section 7, the circuit clerk can call subsequent meetings if that person so chooses. At the first meeting of the salary commission after September 28, 1987, we presume that a chairman was elected from the members of the salary commission pursuant to subsection 5 of Section 7. We believe it is incidental to the authority of a chairman so elected to also, if he so chooses, call subsequent meetings of the salary commission.
In summary, it is the opinion of this office that a second meeting of the salary commission in Franklin County may be held before November 30, 1987.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General